# Rachmel, Appellant, *v.* Clark.

*Practice, C. P.—Trial—Evidence.*

On the trial of an accident case it is not good practice to permit witnesses to give distances and to indicate the position of a person by reference to objects in the court room, without anything going on the record as to distances and positions to aid the appellate court in reviewing the case.

*Negligence—Use of sidewalk—Obstruction of pavement—Nuisance—Child of tender years.*

Abutting owners have no right to use the pavements of a city street as a storage ground. The streets of a city are for the purpose of transit and except for temporary use it is illegal to obstruct them.

Children wherever they go must be expected to act upon childish instincts and impulses ; others who are chargeable with a duty of care and caution toward them must calculate upon this, and take precautions accordingly. If they leave exposed to the observation of children anything which would be tempting to them, and which they, in their immature judgment, might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken.

Where the owner of a slate factory permits slabs of slate to remain for a long time on the pavement leaning against the factory, and a boy seven years old climbs up alongside of and leans against a slab which topples over and injures him, the owner of the factory is liable for the injuries sustained by the boy ; and this is the case even if the slab stood within the building line, and whether the space between the building line and the street line was or was not paved.

Argued Jan. 19, 1903. Appeal, No. 45, Jan. T., 1902, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1896, No. 173, refusing to take off nonsuit in case of Albert Rachmel, by his next friend, R. Rachmel, v. Jefferson H. Clark and Howard L. McDonnell, trading as McDonnell & Clark. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BIDDLE, P. J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*A. S. L. Shields,* for appellant.—The learned court below erred in refusing to take off the nonsuit, because the testimony clearly showed that the defendants not only occupied the pavement of a city street with slabs of marble and slate, which they used in their business, but also that those slabs were so insecurely placed as to topple over at a mere touch; and as these slabs were clearly attractive to children, and no precautions were taken to prevent children from meddling with them, the defendants were guilty of actionable negligence: Maynes v. Atwater, 88 Pa. 496; Fisher v. Monongahela Connecting Ry. Co., 131 Pa. 292; Corbalis v. Newberry Township, 132 Pa. 9; Finch v. Conrade, 154 Pa. 326; Black v. Barr, 14 Pa. Superior Ct. 98; Commonwealth v. Passmore, 1 S. & R. 217; Palmer v. Silverthorn, 32 Pa. 65; Mallory v. Griffey, 85 Pa. 275; Vallo v. United States Express Co., 147 Pa. 404; North Manheim Twp. v. Arnold, 119 Pa. 380; Gerdes v. Christopher & Simpson Architectural Iron & Foundry Co., 25 S. W. Repr. 557; Senhenn v. City of Evansville, 140 Ind. 675 (40 N. E. Repr. 69); Lynch v. Nurdin, 1 A. & E. (N. S.) 29; Chicago v. Keefe, 114 Ill. 222 (2 N. E. Repr. 267); Kunkel v. Chicago, 37 Ill. App. 325; Quincy Horse Ry. & Carrying Co. v. Gnuse, 38 Ill. App. 212; Louisville, New Albany & Chicago Ry. Co. v. Sears, 38 N. E. Repr. 837; Gulline v. Lowell, 144 Mass. 491 (11 N. E. Repr. 723); Graham v. Boston, 156 Mass. 75 (30 N. E. Repr. 170); Donoho v. Vulcan Iron Works, 75 Mo. 401; McGarry v. Loomis, 63 N. Y. 104; McGuire v. Spence, 91 N. Y. 303; Gibson v. Huntington (W. Va.), 22 L. R. A. 561; Earl v. Cronck, 131 N. Y. 613 (30 N. E. Repr. 864); Mahar v. Steuer, 170 Mass. 454 (49 N. E. Repr. 741); Hyland v. Burns, 10 App. Div. 386 (41 N. Y. Supp. 873); Youngstown Bridge Co. v. Barnes, 39 S. W. Repr. 714; Kunz v. Troy, 104 N. Y. 344 (10 N. E. Repr. 442).

Even if the slab which caused the injury had not been within the street line, the defendant would still have been liable; for, in the first place, the entire space between the curb and the wall of the building was paved, and consequently the public had a right to pass and repass on any part thereof; and in the second place, the slab constituted a dangerous trap,

for the maintenance of which the defendants would have been liable, even if it had been entirely on their own premises, though the child had therefore been technically a trespasser: Tomle v. Hampton, 129 Ill. 379 (21 N. E. Repr. 800); Crogan v. Schiele, 53 Conn. 186; Holmes v. Drew, 151 Mass. 578 (25 N. E. Repr. 22); Beck v. Carter, 68 N. Y. 283; Hydraulic Works Co. v. Orr, 83 Pa. 332; Schilling v. Abernethy, 112 Pa. 437; Corbin v. Philadelphia, 195 Pa. 461; Enright v. Pittsburg Junction R. R. Co., 198 Pa. 166; Gramlich v. Wurst, 86 Pa. 74; Schmidt v. Cook, 12 Misc. Rep. 449 (33 N. Y. Supp. 624); Dunn v. Ballantyne, 5 App. Div. 483 (38 N. Y. Supp. 1102): Kopplekom v. Colo. Cement-Pipe Co., 64 Pac. Repr. 1047; Birge v. Gardner, 19 Conn. 507; Bransom v. Labrot, 81 Ky. 638; Harrold v. Watney [1898], 2 Q. B. 320.

The infant plaintiff cannot be charged with contributory negligence: Crissey v. H., M. & F. Pass. Ry. Co., 75 Pa. 83; Phila. City Pass. Ry. Co. v. Hassard, 75 Pa. 367; Nagle v. Allegheny Valley R. R. Co., 88 Pa. 35; West. Phila. Pass. Ry. Co. v. Gallagher, 108 Pa. 524; Strawbridge v. Bradford, 128 Pa. 200; Sandford v. H., M. & F. Pass. Ry. Co., 136 Pa. 84; Kehler v. Schwenk, 144 Pa. 348; Greenway v. Conroy, 160 Pa. 185; Neilson v. Hillside Coal & Iron Co., 168 Pa. 256; Holtzinger v. Penna. R. R. Co., 6 Pa. Dist. Rep. 430.

*Franklin L. Lyle* and *E. Clinton Rhoads*, for appellees.—No negligence on the part of the defendant was shown: Com. v. Passmore, 1 S. & R. 217; Vallo v. U. S. Express Co., 147 Pa. 404.

The injury arose entirely from the act of the plaintiff under circumstances in which the law imposed no duty on the defendants to protect him: Rodgers v. Lees, 140 Pa. 475; Oil City, etc., Bridge Co. v. Jackson, 114 Pa. 321; Gaughan v. Phila. 119 Pa. 503; Hestonville Pass. Ry. Co. v. Connell, 88 Pa. 520; Moore v. Penna. R. R. Co., 99 Pa. 301; McLoughlin v. Philadelphia, 142 Pa. 80.

Where facts have been shown from which negligence may reasonably be inferred, they should not be submitted to a jury to infer arbitrarily and without evidence that there was negligence: P. & R. Railroad Co. v. Hummell, 44 Pa. 375; King v. Thompson, 87 Pa. 365; Goshorn v. Smith, 92 Pa. 435; Phila-

delphia & Reading Railroad Co. v. Yerger, 73 Pa. 121 ; Philadelphia & Reading Railroad Co. Heil, 5 W. N. C. 91 ; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258.

OPINION BY MR. JUSTICE MESTREZAT, April 20, 1903 :

The testimony as given in the paper-book does not disclose the facts of the case as fully and clearly as it should. On the trial, the witnesses were permitted to give distances and to indicate the position of the child by reference to objects in the court room, and consequently we are not in possession of some important data necessary to a full understanding of the facts. This practice is not commendable, especially in cases of sufficient importance to be reviewed by an appellate court, as such testimony discloses no facts to those who read it. There is a total absence of any measurements before us showing the width of the pavement proper or the pavement as enlarged by the space between the factory and the building line. This is an important feature of the case and exact data should have been produced at the trial and printed with the record. From these suggestions and the indefinite character of some other parts of the testimony, it is not singular that the parties disagreed as to whether the accident occurred on the pavement proper or in the rear of the building line. On the facts as they were disclosed on the trial below, we think the learned trial judge erred in withdrawing the case from the jury.

The defendants were engaged in the business of manufacturing articles from slate at their factory at 122 Eutaw street, in the city of Philadelphia. For several years they had been accustomed to stand large slabs of granite and slate in front of and against their factory building on both sides of a door which leads into the cellar of the building. These slabs were from three to five feet in length and, in the language of one of the witnesses, " were all piled up in front of the building and pretty nearly half of the pavement was taken." The cellar door was partly in the pavement from which it inclined upward to the wall of the building. About four o'clock in the afternoon of June 26, 1896, the plaintiff, a boy of about seven and a half years, having returned from school to his home in that section of the city, was on the cellar door in front of the defendant's manufactory. While there he placed his left foot on

the frame of the door, steadied himself by his left hand on a slab of the slate and was making figures on the slab with his right hand.   In leaving this position he jumped to the ground, a distance of about one foot, in front of the slab which fell on him and inflicted very serious injuries.   The evidence does not directly disclose what caused the slab to fall, but the plaintiff claims that it was so negligently and insecurely placed that the slightest touch of the child's hand would cause it to fall.

The defendants had no right to use the pavement of the street as a storage ground for the material used in their factory. They could use it temporarily in conveying the material to the factory and in taking the manufactured articles from it.   But even under those circumstances they were required to observe proper care and precaution so as not to endanger those who were using the pavement for transit.   Notwithstanding the argument of the defendants to the contrary, the evidence would have justified the jury in finding that the place in front of their building, including a part of the pavement, had been occupied continuously for four or five years by the material used in the factory.   Of course, the same slabs were not there for that length of time, but when any slabs were removed, others replaced them.   The slab that fell on the boy had stood in its place for at least one month.   The act of the defendants in obstructing the pavement was a nuisance and hence was unlawful.   They were, therefore, responsible for injuries occasioned by their conduct to any person lawfully using the street and who was himself without fault.   The streets of a city are for the purpose of transit and, except for temporary use by abutting property owners recognized as lawful, it is illegal to obstruct them.

If the plaintiff was within the building line at the time he fell, the defendants are not necessarily relieved of liability for his injuries.   The evidence tended to show that the space between the building line and the factory had been paved and was used as a part of the sidewalk of the street.   If that be true, the defendants were required to exercise due care to keep it in a reasonably safe condition, and if they placed and kept upon it a dangerous obstruction resulting in injury, an action would lie to the injured person: Tomle v. Hampton, 129 Ill. 379; Holmes v. Drew, 151 Mass. 578.   In paving the space in front

of the building and permitting its use as a sidewalk, there was an implied invitation to the public to use it, and that imposed upon the defendants the duty of exercising reasonable care to protect those using it from danger. "This (paving and use by the public) would amount to an invitation to the public to enter upon and use as a public sidewalk the land so prepared," says ALLEN, J., in Holmes v. Drew, supra, "and the plaintiff so using it would have gone upon the defendant's land by her implied invitation and she would owe to him the duty not to expose him to a dangerous condition of the walk which reasonable care on her part would have prevented."

If it be conceded, however, that the ground between the factory and the building line was not paved, yet it was open and practically a part of the foot walk of the street. The defendants, therefore, having regard to these circumstances, owed a duty to the public to exercise reasonable care to keep it safe so that those using the adjacent highway would not be exposed to danger. As said by Chief Justice AGNEW in Hydraulic Works Co. v. Orr, 83 Pa. 332: "Duties arise out of circumstances. Hence, where the owner has reason to apprehend danger, owing to the peculiar situation of his property and its openness to accident, the rule will vary. The question then becomes one for a jury, to be determined upon all its facts of the probability of danger and the grossness of the act of imputed negligence." The owners of the premises are required in such cases to anticipate that children as well as adults may use the highway and thereby be exposed to any unsafe objects placed upon the premises. In this case the person injured was a child of very tender years. His childish instincts led him to the place. He saw the slate, and, just from school, he had a desire to write on it. His conduct was perfectly natural and what might have been expected of any schoolboy of his age, and especially of any child of the evident precocity of this boy. Pertinent and applicable to the facts of this case is the language of COOLEY, C. J., in Powers v. Harlow (Mich.), 51 Am. Rep. 154: "Children, wherever they go, must be expected to act upon childish instincts and impulses; others who are chargeable with a duty of care and caution toward them must calculate upon this, and take precautions accordingly. If they leave exposed to the observation of children anything which would be tempting to

them, and which they, in their immature judgment, might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken." In throwing open, and permitting the use of, this space adjacent to a public street in a thickly populated community, the defendants, therefore, were required to make the place reasonably safe not only for adults using the highway, but for children, recognizing their childish instincts and the probability that they might be attracted to, and enter upon, the premises. Hence, if they disregard their duty in this respect, they are liable to any person, adult or infant, who while exercising the care required of him, was injured by their default.

It is strenuously urged that the child was a trespasser and that, therefore, in the use of their premises the defendants owed him no duty of protection against the injuries he sustained. Several cases decided by this court are cited in support of the proposition and as sustaining the contention of the defendants that by reason of the trespass there can be no recovery here. But those cases were ruled on a different state of facts and do not control the present case. Similar or analogous facts alone make a case a precedent for subsequent decisions, and dicta in the opinion, not necessary to a decision on the facts presented, are not to be regarded as an authoritative enunciation of a principle. While in some of the cases it is said that a child may be a trespasser and subject to the consequences of his trespass, yet it will be found in many, if not all, of the cases that under the facts disclosed the law imposed no duty upon the defendant and that the injuries were not the result of his negligence. The mere fact that a child was injured without his fault is not sufficient to impose a liability on the defendant unless he is convicted of negligence. The defendant's negligence and the child's lack of want of it must both be found before there can be any liability on the part of the defendant. Here, as we have seen, the peculiar location of the ground where the accident occurred imposed the duty of reasonable care in the use of it on the defendants, and it is averred as the cause of action that the plaintiff's injuries were due to a negligent performance of that duty. This was a question for the jury. So also was the alleged negligence of the plaintiff if he were of sufficient age to appreciate and avoid danger. Where the extreme

youth of a child forbids any imputation of negligence, it is not a question for consideration; but beyond that age, his conduct affects his right to recover damages for his injuries and is for the jury. He is required to exercise ordinary care and caution reasonable for one of his age and discretion. Such prudence only is exacted of him and when he observes it, his duty is performed. The rule as to the responsibility of an infant for his acts is thus stated in Kehler v. Schwenk, 144 Pa. 348: " All the cases agree that the measure of a child's responsibility is his capacity to see and appreciate danger, and the rule is that, in the absence of clear evidence of lack of it, he will be held to such measure of discretion as is usual in those of his age and experience. This measure varies, of course, with each additional year, and the increase of responsibility is gradual. It makes no sudden leap at the age of fourteen. That is simply the convenient point at which the law, founded upon experience, changes the presumption of capacity, and puts upon the infant the burden of showing his personal want of intelligence, prudence, foresight or strength usual in those of such age. The standard remains the same, to wit: the average capacity of others in his condition."

The case as presented on the trial in the court below should have been submitted to the jury with instructions as to the rights of the plaintiff and the duty of the defendants at the place of the accident. The nonsuit was, therefore, improperly granted.

The judgment is reversed with a procedendo.