VALLEY PLANING MILL *v.* McDANIEL.

Opinion delivered November 9, 1914.

NEGLIGENCE—INJURY TO CHILD—PROXIMATE CAUSE.—Where defendant, operating a saw mill, permitted a truck loaded with lumber to stand in its doorway, so that it protruded several feet into a public thoroughfare, the truck being so loaded that it would require only a slight exertion to tilt it down, and a child, passing by did attempt to play with the truck, receiving an injury; *held*, the defendant was under a duty to anticipate that children, passing along the public street, might attempt to play with the truck, and be injured, and that defendant's negligence was a question for the jury.

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

*Martin, Wootton & Martin,* for appellant.

1. We are not unmindful of the rule of law upheld in this State that a child can be guilty of negligence only when he possesses sufficient intelligence to realize the effect of his acts; but this doctrine, under the evidence, can have no application to this case. It applies only under the theory of the "turntable cases," ordinarily spoken of as the "attractive danger doctrine."

Before this doctrine could apply here, two things are necessary to be proved: First, that the loaded truck was an attractive and dangerous instrumentality. Second, that the owner had knowledge that the injured party, or other children, would likely come in touch with it.

Neither of these essentials was present in this case. 70 Ark. 331, 335; 100 Ark. 76; 127 N. C. 328, 52 L. R. A. 359, 360.

2. While the question of negligence in the temporary use of a street is generally one for the jury, yet,

where there is no conflict on the material points of the case, the question of negligence rightfully belongs to the court, and it should not be submitted to the jury. 63 Ark. 427; 72 Ark. 572; 61 Ark. 549.

*M. S. Cobb,* for appellee.

1. The peremptory instruction was properly refused. The evidence amply sustains the verdict. 80 Ark. 190; 98 Ark. 388; 103 Ark. 147.

2. The rule in the "turntable cases" was not invoked by appellee, and has no application. Appellee was not on appellant's premises, was in no sense a trespasser, but was on the public street.

3. "The owner of property abutting on a highway is under a positive duty to keep it from being a source of danger to the public by reason of any defect in structure, repair, *use* or *management* which reasonable care can guard against." 1 Thompson on Negligence, 1199.

While appellant had the right to use the street in conducting its business, it was also required to use reasonable care to avoid and prevent injuring others. It was bound to use reasonable care in loading its lumber so that it would not topple over and fall upon children playing about it. 1 Thompson on Neg., 1255; 120 Wis. 443, 64 L. R. A. 183; 78 Ark. 251; *Id.* 426; 81 Ark. 178; 92 Ark. 437; 90 Ark. 119.

4. The obstruction out into the street was not necessary; but if there had been a necessity for such obstruction, appellant was under the legal obligation to use reasonable care to the end that no one be injured thereby while passing in the street. 50 App. Div. (N. Y.) 158; 95 App. Div. 234; 24 App. D. C. 81.

Hart, J. The appellant prosecutes this appeal to reverse a judgment against it for damages alleged to have been caused by the negligence of its servants. The material facts are as follows:

Appellant was engaged in manufacturing lumber in the city of Hot Springs, and had a dry shed abutting on one of the streets of the city. Its servants loaded a two-wheel truck with lumber ranging in length from eight to

sixteen feet.   The truck was so loaded that its two ends were nearly evenly balanced, but the rear end was heavier so that if it was placed on the ground the front end would extend above the ground four or five feet.   The truck was left standing in the door of the dry kiln abutting on the street with the front end extending into the street about three feet.   Roy McDaniel, a boy of nine years of age, was walking along the street going to a store on an errand for his mother.   He saw the loaded truck and reached up and caught hold of the front end of it.   This caused the truck to fall over and crush him to the ground whereby his leg was broken and he was otherwise severely injured.

In conducting its business appellant's truck would be carried to the door of the dry kiln and a mule hitched to two wheels would be backed up against the truck and the truck fastened to these wheels with a hook.   The lumber would rest on a bolster of the wheels to which the mule was hitched and would be fastened down.   When the truck was being hauled away other trucks would be loaded and carried to the door of the dry shed so that they could be attached to the wheels drawn by the mule.

Witnesses for the plaintiff testified that the proper way to load these trucks was to load them more heavily in front and place a prop under the front end.   Witnesses for the defendant said the proper way to load them was to place the heavier part of the load on the rear end so that end would rest on the ground and the front end would be above the ground, so that the mule attached to the front wheels might be more easily backed under the truck.   Be that as it may, the undisputed evidence was that the loaded truck was placed in the door of the dry shed abutting on the street and that its front end extended out into the street about three feet and was about four feet above the ground and that the load of lumber on the truck was so evenly balanced that it required but a slight exertion to pull the front end down.

The only contention made by counsel for appellant is that there was no actionable negligence on the part of the appellant and that the verdict should have been di-

rected in its favor. The language of Cooley, J., in the case of *Powers* v. *Harlow,* 53 Mich. 507, 51 Am. Rep. 154, is peculiarly applicable to the facts in this case. The learned justice said: "Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution toward them must calculate upon this, and take precautions accordingly. If they leave exposed to the observation of children anything which would be tempting to them, and which they in their immature judgment might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken."

The evidence shows that the street abutting on the dry shed of the appellant where appellee was injured was not a very much traveled street by footmen, but appellant, in the exercise of that care which the law requires of an ordinarily prudent person in the conduct of his business, was bound to anticipate that children as well as adults were likely to be walking along the street and that a child of tender years might be tempted to play with a loaded truck or to indulge in such childish pranks as the one in question. The child was upon the street where it had a right to be, and appellant should not only have anticipated that children were likely to walk upon the street but that they were also likely to turn aside from travel and play and meddle with a loaded truck which extended out into the street. Having left the truck there heavily loaded with lumber with the front end sticking up and the load on the truck so nearly evenly balanced that only a slight exertion was necessary to tilt it down, we think the negligence of the appellant was a question for the jury. The evidence shows that the truck had been standing there in that position for about one-half hour and one of the servants of the appellant stated that when it was first placed there a prop was placed under the front end of it, but that this prop had been taken away before the injury occurred.

For a discussion of the principle of law bearing on the question, see *Busse* v. *Rogers* (Wis.), 64 L. R. A.

183; *Rachmel* v. *Clark,* 205 Pa. 314; Thompson on the Law of Negligence, Vol. 1, § 1048.

No objection has been raised to the instructions of the court. The case was properly submitted to the jury on the question of negligence of the appellant and contributory negligence of the appellee. The judgment will be affirmed.