## Zamaria et al., Appellants, *v.* Davis, Director General.

*Negligence—Railroads—Attractive nuisance—Vacant lot—Telegraph poles in pile—Infants—Children playing on lot—Invitation or permission—Trespassers.*

1. The mere fact that a trespasser is a child will not impose on the owner of property any duty to keep his premises safe, especially where the owner does not erect on the premises an attractive appliance or permit the land to be used as a playground for such length of time as to presuppose an invitation or permission to occupy the premises in this manner.

2. Where a railroad company piles telegraph poles near a siding on a vacant lot owned by itself, and boys climb upon the pile, and the poles roll down injuring one of the boys, the railroad company is not liable for the injuries.

3. In such case, it is immaterial that, at times, boys and men living near by played baseball and other games on the lot.

Argued October 7, 1925. Appeals, Nos. 132 and 133, March T., 1925, by plaintiffs, from judgment of C. P. Allegheny Co., Oct. T., 1919, No. 1394, for defendant, n. o. v., in case of John Zamaria, a minor by his next friend and father, Charles D. Zamaria, and Charles D.

Zamaria in his own right v. James C. Davis, Director General of Railroads.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Trespass for personal injuries.    Before KLINE, J.

The opinion of the Supreme Court states the facts.

Verdict for Charles D. Zamaria for $1,832 and for Charles D. Zamaria, Administrator of John Zamaria, $2,418, on which judgment was entered for defendant n. o. v.    Plaintiffs appealed.

*Error assigned* was, judgment for defendant n. o. v., quoting bill of exception.

*Ralph P. Tannehill,* with him *R. P. & M. R. Marshall,* for appellants.—There was ample evidence in this case to establish that John Zamaria was not a trespasser, but was on the premises in question in accordance with a general and tacit permission to children to play thereon: Thompson v. R. R., 218 Pa. 444; Hydraulic Works Co. v. Orr, 83 Pa. 332; Rachmel v. Clark, 205 Pa. 314.

It is not necessary to prove defendant's property a recreation center or a public park: Francis v. R. R., 247 Pa. 425; Rachmel v. Clark, 205 Pa. 314.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellee, cited: Knight v. Abert, 6 Pa. 472; Gillis v. R. R., 59 Pa. 129; Gillespie v. McGowan, 100 Pa. 144; Thompson v. R. R., 218 Pa. 444.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1925:

In these actions of trespass to recover damages for personal injuries received by the minor plaintiff, who died after suit brought, the court below entered judgments for defendant non obstante veredicto and this

o'utcome we are asked to review by the appealing plaintiffs.

The Pennsylvania Railroad Company owned a vacant piece of land adjoining Hawkins Avenue, a public street in the Borough of Braddock. Through the property it maintained a siding, along which it had piled telegraph poles. Boys and men from the neighborhood at times played on the lot. John Zamaria, the minor plaintiff, with two other boys, went to the lot to look for a baseball which had been lost under one of the piles of poles. Sometime thereafter, tired from their search, the three boys climbed up and sat upon the pile of poles; a train passed, and, because of the jar of its passing or by reason of the added weight of the boys or for some other cause, several of the poles rolled down the pile and the boy plaintiff was caught by them and severely injured, from which injuries he subsequently died. Does this state of facts fix the defendant with liability in damages? We are of opinion it does not.

Appellant's counsel relies upon such cases as Hydraulic Works Co. v. Orr, 83 Pa. 332, and Rachmel v. Clark, 205 Pa. 314, to hold appellee liable. Hydraulic Works Co. v. Orr can certainly be no longer quoted as authority for any broadly stated legal principle and stands as a precedent, if at all, only on its own specific facts. Rachmel v. Clark does not parallel the case in hand. There a small boy was injured by the fall of a slab of stone, one of a number piled in front of defendant's slate factory, either on the sidewalk or adjacent to it. The ground on which recovery was allowed was because "The defendants had no right to use the pavement of the street as a storage ground for the material used in their factory.......The act of the defendants in obstructing the pavement was a nuisance and hence was unlawful.......The owners of the premises are required in such cases to anticipate that children as well as adults may use the highway and thereby be exposed to any unsafe objects placed upon the premises." As

was there said "Similar or analagous facts alone make a case a precedent for subsequent decisions" and in the case at bar the facts are entirely different. Here we have telegraph poles piled not on or adjacent to a public highway but along a railroad siding on land belonging to the railroad company. It cannot be said that the land in question was used as a playground in the sense in which that term is employed in some of our cases. It was simply a vacant lot to which at times the boys and men living near by resorted to play ball and other games. This did not deny to the railroad company the right to make use of the land for any purpose and there was certainly nothing inherently dangerous in piling telegraph poles on it. The fact that the company did so and that the accident occurred in the manner it did could not without more convict the landowner of negligence.

In principle, the case at bar is ruled by Thompson v. B. & O. R. R. Co., 218 Pa. 444. In that case defendant maintained a large train yard in close proximity to a thickly populated section of Philadelphia. A few feet from the entrance to the yard from a public street there was a turntable, fastened by a brake that anyone could open. The property was surrounded by a fence which was broken in places and the gates were usually open. At times the yard was used by persons residing in the vicinity as a playground. The infant plaintiff entered the yard, and, while standing near the turntable, with which some children were playing, was struck by a projecting bar and injured. In holding that there was no liability on the part of the defendant, it was said (p. 449) : "The fact that the person injured was a child makes no difference unless there was negligence. The plaintiff's youth relieves him of the charge of contributory negligence but it does not give rise to an imputation of negligence on the part of the defendant. He was where he had no right to be, on the property of the defendant which it was using in a lawful manner for a

lawful purpose in the conduct of its business. It owed him the duty not to injure him intentionally but it was under no duty actively to take care of him either by keeping him out of the yard or by protecting him after he had entered it from his own acts or the acts of others, who, like him, had entered without permission." In Fitzpatrick v. Penfield, 267 Pa. 564, speaking through Mr. Justice KEPHART, we said (p. 572) : "Ordinarily, the tender age of a child cannot have the effect of raising a duty where none otherwise existed, and the rule throughout the United States is that the mere fact a trespasser is a child will not create or impose on the owner of a property any duty to keep his premises safe, especially is this true in this State, where the owner does not erect on his premises an attractive appliance or permit the land to be used as a playground for such length of time as to presuppose an invitation or permission to occupy the premises in this manner. When so used, ordinary care must be exercised to keep the premises in safe condition. Of course, this does not mean occasional or intermittent occupancy of another's ground by children as a playground, or almost every foot of open or fenced land would be under the exception to the general rule, and the general rule would then be the exception. The amount of use that will bring otherwise private ground within the playground rule must depend to a large extent on the circumstances of each case. It may be said that the use contemplated is such as to cause the place to be generally known in the immediate vicinity as a recreation center, and its occupancy should be shown to be of such frequency as to impress it with the obligation of ordinary care on the part of the owner."

No negligence of defendant being shown, the court below properly determined the cases by entering judgments for the defendant.

The judgments are affirmed.