Commonwealth of Pennsylvania *v.* Charles Magoscy, Appellant.

Argued April 8, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*William S. Fenerty,* for appellant, cited: Commonwealth v. Byers, 45 Pa. Superior Ct. 37; McAvoy v. Kromer, 277 Pa. 196.

*Harry Felix,* Assistant District Attorney, and with him *John Monoghan,* District Attorney, for appellee, cited: Lorah v. Rinehart, 243 Pa. 231; Chesney v. Read, 82 Pa. Superior Ct. 605.

OPINION BY TREXLER, J., July 2, 1929:

Charles Magoscy, the appellant, was convicted of involuntary manslaughter. Edna Barth, a child of six years, was struck by an automobile driven by him as he was proceeding south on Frankford Avenue. His version of the accident was that he was approaching Pickwick Street which joins Frankford Avenue on the east. About forty feet north of Pickwick Street in front of a driveway entering into Frankford Avenue, he struck the little girl who, he said, suddenly darted out in front of a truck which was standing there facing southwardly. As he saw the girl he put on his brakes and swerved to the east and his right front fender struck the girl who rolled on the ground seven or eight feet.

He further stated, "I jammed the brakes on as hard as I could to stop. I turned my car to avoid the accident, but I lost control of the car," "after I struck the girl." After he struck the girl, he ran "not quite sixty feet." He was on the southeast corner of Pickwick Street and Frankford Avenue when his car stopped. He estimates that he was going twenty miles an hour because that was the way he generally drove in the city.

The plaintiff's witnesses testified that they did not see the actual striking of the girl but saw her body projected through the air. They did not give the exact distance, but they indicated the distance when they first saw her and the location of her body when it landed. According to the other testimony, taking the position of the car when it struck the girl, she must have been thrown, incredible as it may seem, forty-five feet, and

if the girl was struck where he states and landed at the place where the Commonwealth's witnesses state, she must have been thrown still further. The testimony in some respects is confusing, but it was for the jury to determine the truth of the matter. There was sufficient evidence to allow the inference to be properly drawn, that the defendant was coming rapidly down the street, that his speed was so great that even after jamming on his brakes as hard as he could, he went sixty feet before stopping, that the impact of his car cast the child through the air for a great distance, that he lost control of his car and landed with it on the sidewalk. Taking all the circumstances together, we conclude that there was sufficient evidence to support the conclusion that the defendant was negligent in approaching the place where the accident occurred at an unlawful speed.

Some of the answers of the witnesses as they appear on the record convey no information to us as they indicated by gesture the idea which they sought to illustrate: e. g., in response to the question, "I saw her in the air directly, when she dropped she was at this height." (Indicating.) Instances of this kind occur a number of times in the record. The gestures may have been informative to the jury, but aid us nothing in our consideration of the case: Rachmel v. Clark, 205 Pa. 314.

The only question properly before us is whether there is sufficient evidence upon which the jury could pass to sustain a verdict of involuntary manslaughter. There are, however, other assignments of error not covered by the statement of questions involved, directed to the alleged failure of the court to charge the jury upon the measure of proof required to establish a fact by circumstantial evidence. At the conclusion of the charge, the inquiry was made by the court, "Do you want us to say anything else" and a suggestion

was made by defendant's counsel which was followed by the court. The trial judge reviewed the testimony that had been produced by both sides. If the defendant had requested further instructions as to any other phase of the case, his suggestion would no doubt have been acted upon. The charge was ample and impartial. The court's instructions as to what was requisite in order to convict the defendant of involuntary manslaughter followed the law laid down in Com. v. Ernesto, 93 Pa. Superior Ct. 339, and the cases therein cited.

The assignments of error are overruled, the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.