Pravlik et al., Appellants, *v.* City Deposit Bank & Trust Company.

Argued September 28, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Thomas L. Kane,* with him *Joseph A. Burns, Louis A. Barmen* and *Saul Chersky,* for appellants.

*J. Roy Dickie,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 22, 1943:

Appellants brought this action in trespass to recover damages for an injury sustained when, searching for a baseball, the minor son stepped upon a loose stone in a wall and fell eighteen feet into the rear of appellee's lot, the loose stone falling upon him and causing the injury. A jury found verdicts for appellants and the lower court entered judgment in favor of appellee non obstante veredicto. This appeal followed.

The City Deposit Bank & Trust Company, appellee, is the owner of a two-story double dwelling, situate at 5316 Holmes Street in the City of Pittsburgh. The house is occupied by a Mr. Fennessy and a Mr. Lewellyn and their respective families under leases from appellee. At the rear of the property is a stone wall forty feet long and about eighteen feet high, the top of which is on a level with a twenty-foot wide alley known as Lotus Street or Lotus Way. Whether the alley was used or laid out prior to the building of the wall does not appear. It is unpaved and its surface is very irregular. There are no sidewalks along the alley but on the north side, which is adjacent to appellee's property, there is a narrow path close to the wall. There was no fence or guard rail along the top of the wall. The wall, constructed at least 43 years prior to 1937, was of stones approximately two feet long, one foot wide, and one foot thick. At the time of the accident there was no mortar between the three

top layers of stone. The absence of the mortar could not be seen to persons using the alley but was plainly visible from appellee's property.

On July 1, 1937, Frank Pravlik, fifteen years of age, was walking on the path in search of a lost baseball which he believed might have rolled into appellee's property. He was walking on the wall when he lost his balance by reason of a loose stone in said wall and fell eighteen feet into appellee's lot. The stone was dislodged and fell upon him, causing the injuries complained of. Upon previous occasions appellant, while searching for a lost ball, had entered appellee's lot using a railing along a shed on the east side of appellee's property where the stones formed steps. Two weeks before the accident Mr. Lewellyn had ordered the boys not to trespass on this property and told them it was dangerous to come down over the wall.

Appellee presented no evidence and the case was submitted to a jury which returned a verdict in favor of the minor, Frank Pravlik, and of the parents, Mike Pravlik and Susie Pravlik, appellants. The court below refused appellee's motion for a new trial but granted its motion for judgment n. o. v. for the reason that the evidence failed to disclose liability against the owner out of possession.

We are of opinion that appellants have not presented evidence legally sufficient to sustain a finding that there has been a breach of duty owed the minor appellant. Appellants contend that appellee was bound to foresee that persons might step upon the wall assuming it to be a part of the alley; that appellee was under a duty to maintain the wall so that persons using it would not be injured; and, that this duty was breached by the failure to maintain the stone in question properly secured.

We may assume that where an alley and a wall are on the same plane it is reasonably foreseeable that one lawfully upon and using said way may trespass upon the wall assuming it to be a continuation of the way. It is

likewise foreseeable that such person may accidentally trespass upon a wall. The foreseeability of these events, however, cannot operate to impose upon appellee duties which the law has not imposed as a result of the relationship actually existing between it and the minor appellant. The latter did not assume that the wall was part of the alley. Nor was his action the result of some circumstance which caused him to accidentally step upon the wall; it was deliberate and intended and with full knowledge that no permission was given, either expressly or impliedly, for him to be there. He had been warned specifically to stay off of the wall and out of appellee's premises. This is, therefore, not an action against an owner of land abutting a highway or so connected as to indicate a continuation or extension of the way so that an implied invitation to go upon the premises is present. Cf. *Rachmel v. Clark,* 205 Pa. 314, 318-19; Restatement, Torts, section 367. The propinquity of the wall to the highway created no dangerous condition or unreasonable risk thereon insofar as the minor appellant was concerned. He was a trespasser—his presence unknown to appellee who owed him, in such case, only the duty to refrain from inflicting any wanton or wilful injury. No such injury has been inflicted. In *Dumanski v. City of Erie,* 348 Pa. 505, we said: "His presence being unknown to the City appellee, its only duty was to refrain from inflicting upon him any wilful or wanton injury: *Rahe v. Fidelity-Phila. Trust Co.,* 318 Pa. 376, 378. See *Frederick v. Phila. R. T. Co.,* 337 Pa. 136, 140. Had his presence been known to the City appellee or reasonably should have been known to it, ordinary and reasonable care to avoid injury would have been required: *Frederick v. Phila. R. T. Co.,* supra, 140."

Being of opinion that there has been no breach of duty owed to the minor appellant, we do not consider the question of the liability of the owner out of possession.

Judgment affirmed.