## Oswald v. Hausman

*Steven A. Bergstein*, for plaintiff.
*William E. Doyle*, for defendant Cynthia A. Hausman.

*Donald H. Lipson,* for defendants Elva E. Hausman and Herbert F. Hausman.

*Robert L. Steinberg,* for defendants Ronald Werley and Lillian Werley.

*Mark S. Sigmon,* for defendants Ralph H. Kressley and Pauline A. Kressley.

*William P. Leeson,* for defendant Lowhill Township.

McGINLEY, *J.,* September 4, 1987 — The matter before the court are motions for summary judgment by all defendants. For the following reasons, we grant summary judgment in favor of all defendants.

On January 28, 1984, at approximately 4:30 p.m., Arthur Unangst, 74 years old, for reasons which will never be known, got up from his rocking chair and abruptly drove off in his car, leaving his home at 939 Cedar Street, Allentown, Pa., where he had resided since 1963 with his companion, Althea Oswald. Mr. Unangst, who was suffering from emphysema, did not tell Miss Oswald where he was going, although he usually did not make trips without her company. Mr. Unangst did not return from his trip, and on Sunday, January 29, 1984, Miss Oswald reported him missing.

On Tuesday, January 31, 1984, Harold Wenner was snowmobiling on the property owned by defendant Cynthia Hausman. The property of defendant Cynthia Hausman is located along a private, rural road off Legislative Route 39048 in Lowhill Township, Lehigh County, Pennsylvania. Mr. Wenner found the body of Mr. Unangst behind the wheel of his automobile which was parked along the road at a point where it goes through Cynthia Hausman's property. The state police were summoned and the body was removed that day. Evidence suggested that decedent's vehicle had be-

come stranded on the snow-covered road and that he was unable to extricate himself. A pathologist's report indicates that the actual date of death was January 28, 1984, due to overexposure (hypothermia). Decedent was found approximately a city block in distance from the home of Cynthia Hausman.

Plaintiff alleges a cause of action against defendants for the breach of various alleged duties relating to the private road on which Arthur F. Unangst died. Plaintiff alleges that Mr. Unangst's untimely death due to hypothermia was caused by the lack of proper warnings, the lack of maintenance, and general negligence of defendants with respect to the road. The specific legal allegations against the individual defendants vary.

The road on which decedent was found is an easement which passes from Legislative Route 39048 to land belonging to Ralph Kressley and Pauline Kressley. The deeds of those who reside along the road contain language establishing "a permanent 33 foot road leading from Legislative Route 39048 to the premises of the grantee thereby giving full ingress and egress to said grantees." The road is paved as it leaves Legislative Route 39048 and passes over the property of defendants Lillian Werley and Elva Hausman and Herbert Hausman. On property owned by defendant Cynthia Hausman, the roadway becomes a dirt road and then a narrow pathway which runs onto the property of defendants Ralph Kressley and Pauline Kressley.

Cynthia Hausman's property was being rented at the time of Mr. Unangst's death by one David Drummer, who is not a party to this action. It was on this portion of the roadway that decedent was found.

Defendant Ronald Werley, the son of defendant Lillian Werley and the late Clayton Werley, does not live along the roadway. As earlier noted, this private roadway is located in Lowhill Township, Pennsylvania for which reason the suit was brought against defendant township.

While no agreement existed concerning the maintenance of the roadway, the paved portion was originally blacktopped in the 1960's by the late Clayton Werley, though all parties who lived along the roadway were asked to contribute. Thereafter, the paved portion of the roadway was resurfaced twice without reimbursement, once by Clayton Werley and once by Lillian Werley. During the winter months Harold Wenner, who lived along the paved portion, voluntarily removed snow from the roadway. Mr. Drummer had responsibility of removing snow from the pathway on the Cynthia Hausman property.

In the afternoon of Sunday, January 29, 1984, defendant, Lillian Werley, observed a vehicle, later identified as decedent's, going in the direction of the home owned by Harold R. Wenner (on the paved portion of the road in the direction of the unpaved portion.) It had recently snowed, and the paved portion had been plowed by Mr. Wenner, but the unpaved portion which extended beyond the Wenner home was not plowed. In addition to Lillian Werley, JoAnne Hess, who resided with her husband Robert Hess along the road, observed decedent's vehicle pass the front of her home on Sunday afternoon, January 29, 1984.

The unpaved pathway where the vehicle was found was marked at the time of the incident by a "No Trespassing" sign identifying the private property of Cynthia Hausman. This solitary sign was

placed on a tree approximately 15 feet to 18 feet to the right of the unpaved portion of the road.

Summary judgment should not be entered unless the case is free from doubt. *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa. Super. 425, 456 A.2d 1009 (1983). Since the moving party for summary judgment has burden of proving that no genuine issues exist as to material facts, the record must be examined in the light most favorable to the non-moving party; in so doing, all well-pleaded facts in the non-moving party's pleadings are accepted as true and that party is given benefit of all reasonable infer-. ences to be drawn therefrom. *Spain v. Vincente*, 315 Pa. Super. 135, 461 A.2d 833 (1983). Summary judgment shall be granted if pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Pilgrim Life Insurance Co.*, 306 Pa. Super. 170, 452 A.2d 269 (1982).

Defendant Lowhill Township claims entitlement to summary judgment based on the fact that the unpaved road on which decedent was found was not owned or cared for by Lowhill Township in January of 1984. Therefore, at all times relevant to plaintiff's cause of action, the place where decedent and his vehicle were discovered was under the care, custody, possession and control of the co-defendant, Cynthia Hausman, or her tenant, David Drummer.

Plaintiff counters that, while it is true that the road in question is not owned by Lowhill Township, certain activities conducted by the township created duties owed to plaintiff's decedent. These activities were the township's approval of a zoning variance of the location of a patio at the Werley home, with reference to the center line of the roadway in question,

and the fact that the township had placed a warning sign which read "Not Plowed or Cindered" on a township road similar in appearance to and approximately one-half mile from the road in question.

Where the governmental unit does not own, supervise, possess or care for property at issue, such entity does not owe a duty of care for any dangerous conditions arising on the property. *Hayes v. Philadelphia Electric Co.*, 92 Pa. Commw. 205, 498 A.2d 1019 (1985).

Under the reasoning of *Mindala v. American Motors Corp.*, 90 Pa. Commw. 366, 495 A.2d 644 (1985), App. gr. 510 Pa. 158, 507 A.2d 322, it is clear that a political subdivision has no liability for dangerous conditions which occur on roadways not owned by the political subdivision. The Township of Lowhill is immune from liability pursuant to the terms of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541-8564, because defendant township owed no duty of care to plaintiffs. Therefore, it is appropriate that summary judgment be entered in favor of defendant, Lowhill Township.

We next move to the motion for summary judgment by the other defendants. Plaintiff claims each of these defendants violated duties owed to decedent as possessors of the roadway or through some relationship to a possessor. The standard of care a possessor of land owes to one who enters upon land depends upon whether the latter is a trespasser, licensee or invitee. *Jones v. Three Rivers Management Corp.*, 483 Pa. 75, 394 A.2d 546 (1978).

Plaintiff urged the court to abandon the traditional tests with regard to the standard of care owed by a possessor of land, and substitute instead the duty set forth in section 367 of the Restatement (Second) of Torts.

"A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway, is subject to liability for physical harm caused to them, while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel." Restatement (Second) Torts §367 (1963).

Our search of Pennsylvania law does not reveal section 367 being cited with approval by any higher court in this Commonwealth, although the Court of Common Pleas of Schuylkill County cited this section with approval (see *Yanetti v. Kessler, Inc.,* 52 Sch.L. 72 (1957)). The drafters of the Restatement also cite the Pennsylvania Case of *Rachmel v. Clark,* 205 Pa. 314, 54 Atl. 1027 (1903), decided long before the Restatement, as authority for the section. However, *Rachmel,* supra, involved a violation of duty factually very different than the case at bar.

In *Yanetti,* supra, a private entity "undertook to open, make, and repair highways and bridges" in the township where the subject accident took place. The accident took place upon a public road that, because of a lack of repair, caused the vehicle to drop off of a 60 foot embankment. The action involved a demurrer by the private entity. The Schuykill County Court allowed the cause of action to be maintained and cited section 367 as a possible theory under which recovery could be sought, therefore denying the demurrer.

The case before us, however, involves the duties of private landowners or possessors with respect to a private road, and we find the court's rationale in *Yanetti* to be inapplicable.

Plaintiff presents no case in Pennsylvania which alters the well-established duties of a possessor sim-

ply because the land is a roadway.* We therefore decline to apply section 367 of the Restatement in this case.

Plaintiff attempts to argue that decedent could have been a licensee, and that if established, would impose a higher standard of care on defendants.

A licensee is one who is upon the land of another solely for the licensee's own purpose, in which the possessor has no interest, either business or social, and to whom the privilege of entering is extended as a mere favor by express consent or by general or local custom. *Fanning v. Apawana Golf Club,* 169 Pa. Super. 180, 82 A.2d 584, 586 (1951).

There are no facts presented from which we could reasonably infer that the decedent was a licensee; all facts point to the fact that he was a trespasser.

Plaintiff questions the status of the decedent on the roadway as a trespasser, claiming that a single "No Trespassing" sign 15 to 18 feet off the road, attached to a tree, was insufficient warning that the roadway in question was not for public use. Plaintiff confuses the legal status of trespasser with guilty knowledge. A trespasser is "one whose presence on another's property is unkown to the property's owner and to whom the duty owed is to refrain from inflicting any wanton or willful injury." *Pravlik v. City Deposit Bank and Trust Co.,* 348 Pa. 508, 511, 34 A.2d 510, 511 (1943).

Decedent then is entitled to the protection of a trespasser. The duty owed to a trespasser is the avoidance of any willful or wanton negligence or

---

*A review indicates that only one jurisdiction, Illinois, has used §367 of the Restatement as a basis for the imposition of liability. See *Carroll v. Lily Cache Builders, Inc.,* 74 Ill. App. 3rd 265, 30 Ill. Dec. 223, 392 N.E. 2nd 986 (1979).

misconduct. *Engel v. Parkway Company,* 439 Pa. 559, 266 A.2d 685 (1970). Since no willful or wanton conduct can be attributed to any of defendants, whether they owned the area where decedent was found or lived along the roadway on which decedent traversed or had an easement over the area where the decedent was found or was a relative to the original grantor of land over which the roadway passed, no recovery can be made by plaintiff. This makes it unnecessary to discuss the particular relation of each of these defendants in regard to the road. Summary judgment is granted in favor of all defendants.

## ORDER

And now, this September 4, 1987, after argument, and upon consideration of the briefs of counsel, and for the reasons expressed in the accompanying opinion, it is ordered that summary judgment is granted in favor of all of defendants.