Herbert Lynch, Appellant *v.* Joseph R. Pierotti, Trooper, Appellee.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Herbert Lynch,* appellant, for himself.

*David F. Snyder,* Deputy Attorney General, with him *Herbert L. Olivieri,* Chief Torts Litigation Unit, for appellee.

MEMORANDUM OPINION BY JUDGE MACPHAIL, July 28, 1983:

This case, instituted in Huntingdon County, is almost identical to the one decided by this court in *Lynch v. Johnston,* (No. 8 T.D. 1983, filed July 27, 1983). We there affirmed an order of the trial court of Juniata County which sustained a demurrer to Mr. Lynch's complaint and dismissed his case with prejudice. The same action was taken by the trial court in the case now before us. In the *Johnston* case, we wrote rather extensively regarding the various issues raised by Mr. Lynch, who is also the Plaintiff[1] in the instant case. In light of that fact and of the comprehensive opinion of the learned trial judge in the case now before us, we deem it unnecessary to address each of the issues raised by Mr. Lynch in the instant appeal.

After extensive pleadings including a complaint, an amended complaint and a motion for second amended complaint by the Plaintiff and preliminary objections to each pleading by the Defendant,[2] the trial judge concluded that the Plaintiff failed to set forth facts which were sufficient to constitute a cause of action because the Defendant was immune from this suit.

The gravamen of the action appears to be that Plaintiff was arrested on a charge of forgery by Trooper Pierotti of the Pennsylvania State Police on

---

[1] Appellant herein.

[2] Trooper Pierotti, Appellee herein.

or about November 25, 1980. On March 16, 1981, Plaintiff was transported to the office of a district justice of the peace by a trooper other than Trooper Pierotto. On June 18, 1981, the Plaintiff's case was dismissed because it was not brought to trial within 180 days of Plaintiff's arrest. Pa. R. Crim. P. 100. It is the Plaintiff's contention that these events caused him physical and mental pain for which he now seeks damages in a suit in trespass for violation of his civil rights, illegal detention, invasion of privacy, false arrest and malicious prosecution. Each of these causes of action as they relate to Plaintiff's factual allegations is discussed in *Johnston.*

The Defendant demurred to the complaint on the ground that he was immune from suit. As we have noted, the trial judge agreed and dismissed the complaint with prejudice.

Plaintiff argues that here he has sued Trooper Pierotti in his individual capacity. The problem is that in his amended complaint, Plaintiff incorporates by reference the exhibits attached to his original complaint, one of which is the warrant for Plaintiff's arrest signed by Trooper Pierotti in his official capacity. It is obvious then that whatever actions Trooper Pierotti took here were in his official capacity as a member of the Pennsylvania State Police. In *Johnston* we discussed the immunity provisions of the law as applicable to officers of the Pennsylvania State Police in the performance of their official duties and find those same provisions applicable here. Plaintiff's argument that someone other than the arresting officer transported him to the preliminary hearing somehow infringes upon his civil rights is totally without merit. Plaintiff's attempt to bring himself within the federal Civil Rights Act, 52 U.S.C. §1983 by averring that there was a meeting between

Trooper Pierotti and other law enforcement officers at a gas station on March 14, 1981 which constituted a conspiracy against him, falls far short of factual allegations necessary to make out a cause of action.

As was true in *Johnston,* the trial judge here exhibited great sympathy for Plaintiff's lack of legal expertise but the trial judge is not required to plead the Plaintiff's case nor to draft his complaint.

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Huntingdon County, dated November 29, 1982, is affirmed.