485 A.2d 56

**Joan K. MARISCOTTI, Appellant,**

**v.**

**Nino V. TINARI, P.C., Individually and John A. Mariscotti.**

Superior Court of Pennsylvania.

Argued March 29, 1984.

Filed Nov. 30, 1984.

Gregory T. Prete, Media, for appellant.

Stephen J. Springer, Philadelphia, for appellees.

Before BROSKY, WIEAND and McEWEN, JJ.

WIEAND, Judge:

In an action for legal malpractice and for breach of a contract of employment, Joan K. Mariscotti alleged that Nino V. Tinari, Esquire, gave her an incorrect evaluation of stock owned by her husband, John A. Mariscotti. This error, she alleged, impaired her ability to obtain the best possible property settlement upon dissolution of her marriage. The trial court granted Tinari's motion for summary

judgment because plaintiff's loss, if any, was too speculative to permit a recovery.[1]   On appeal, we affirm.

A motion for summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140, 476 A.2d 928, 930 (1984).   In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the nonmoving party and resolve all doubt against the moving party.   *Id.* 328 Pa.Super. at 141, 476 A.2d at 930–931.

John Mariscotti accumulated during his marriage to appellant a substantial quantity of the stock which had been issued by his employer, National Railway Utilization Corporation.   The stock was registered in his name alone; his wife had no title thereto.   In November, 1976, John Mariscotti commenced an action in divorce against his wife.   A property settlement was thereafter negotiated and reduced to writing.   The written agreement was executed in May, 1978.[2]   The agreement, in recognition of the fact that the stock issued by National Railway Utilization Corporation was the property of John Mariscotti, did not effect a division thereof.   In her present complaint, appellant alleges that Tinari told her the stock was worthless.   For summary judgment purposes, we accept appellant's averment that the stock did have value.

"[W]hen it is alleged that an attorney has breached his professional obligations to his client, an essential element of the cause of action, whether the action be denominated in assumpsit or trespass, is proof of actual loss." *Duke & Co. v. Anderson*, 275 Pa.Super. 65, 73–74, 418 A.2d 613, 617 (1980).   "The mere breach of a professional duty,

1.   A separate count contained an alleged cause of action against plaintiff's former husband, John A. Mariscotti, on grounds that he had fraudulently concealed the value of his individual assets.   This count is not involved in the present appeal.

2.   The Divorce Code of 1980, 23 P.S. § 101 et seq. was not enacted until April 2, 1980 and became effective ninety days thereafter.

causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action...." *Schenkel v. Monheit,* 266 Pa.Super. 396, 399, 405 A.2d 493, 494, quoting *Budd v. Nixen,* 6 Cal.3d 195, 200, 491 P.2d 433, 436, 98 Cal.Rptr. 849, 852 (1971). "The test of whether damages are remote or speculative has nothing to do with the difficulty in calculating the amount, but deals with the more basic question of whether there are identifiable damages.... Thus, damages are speculative only if the uncertainty concerns the fact of damages rather than the amount." *Pashak v. Barish,* 303 Pa.Super. 559, 561–562, 450 A.2d 67, 69 (1982), quoting R. Mallen & V. Levitt, *Legal Malpractice* § 302 (2d ed. 1981).

■ In the instant case, Joan Mariscotti knew of her husband's stock holdings. She concedes that they were in his name and that she did not have title thereto. She also concedes that she could not have forced her husband, by action at law or in equity, to assign or transfer to her any part of his stock holdings. She was not then entitled to "equitable distribution" of her husband's separate property. Her only contention is that she would have been in a better bargaining position if she had known the value of his stock. With this knowledge, she suggests, she *may* have been able to achieve a better settlement. Her claim, it seems obvious, is based on pure speculation. Whether she could have obtained a better settlement is anyone's guess. How much better, of course, is even more speculative. These issues cannot properly be left to the surmise of a jury. Because these issues are entirely speculative, they defeat any cause of action for malpractice of the attorney negotiating the settlement. Compare: *Pashak v. Barish, supra.* This is so, whether the cause be based on malpractice or breach of contract. In either event, the harm is entirely too speculative to allow a recovery for counsel's alleged dereliction.

The judgment is affirmed.