Kristen Mooney, a Minor, by her Parents & Natural Guardians Thomas Mooney & Judith Mooney and Thomas Mooney & Judith Mooney, in their own right, Appellants *v.* North Penn School District, Appellee.

Argued April 8, 1985, before Judges ROGERS and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Norman F. Caplan,* for appellants.

*Phillip B. Silverman, McGettigan, McWilliams & Silverman,* for appellee.

OPINION BY JUDGE ROGERS, June 5, 1985:

Kristen Mooney and her parents, Thomas and Judith Mooney (appellants), appeal from an order of the Montgomery County Court of Common Pleas granting the North Penn School District's motion for summary judgment on the ground that the school district was immune from liability under Section 201 of the Political Subdivision Tort Claims Act, 53 P.S. §5311.101.[1]

On October 24, 1980, appellant Kristen Mooney, a student at the A.M. Kulp Middle School, in the North Penn School District, was participating in an educational activity designed by her teacher to simulate the hostage crisis in Iran. As part of the activity, Ms. Mooney was blindfolded and escorted around the school building by another student. While blindfolded, she fell down some steps and suffered injuries to her mouth.

The parents of Kristen Mooney, on her behalf and in their own right, filed suit in trespass against the school district alleging the district had been negligent in failing to provide proper supervision of the students engaged in the simulated hostage activities. The court of common pleas, as mentioned, granted the school district's motion for summary judgment and dismissed the complaint noting that conduct of the school district alleged in the complaint did not come within the eight enumerated exceptions to governmental immunity set forth in Section 202 of the Act.

The appellants contend that because the school district had exclusive control of the steps from which she

---

[1] The Political Subdivision Tort Claims Act has been repealed and replaced by Sections 8541-8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564. Because the incident which gave rise to this action occurred before the effective date of the repealer, the terms of the Political Subdivision Tort Claims Act control the disposition of this case.

fell the school district should be held liable under Section 202(b)(3) of the Act, the real property exception to governmental immunity. We disagree.

Section 202 of the Act provided:

Exceptions to governmental immunity

. . . .

(b) Actions or activities which may impose liability.——The following acts or activities by a political subdivision or any of its employees may result in the imposition of liability on a political subdivision:

. . . .

(3) The care, custody or control of real property in the possession of the political subdivision, except that the political subdivision shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the political subdivision.

Here, the "action or activities" complained of was not, as the appellants allege in their brief, the unsafe condition of the school's steps, but rather the failure of the school district to supervise properly the activities of the students. In *Robson v. Penn Hills School District*, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981), a trespass complaint was brought on behalf of a twelve-year-old boy who was injured when struck in the eye by a pencil thrown by a classmate in a classroom unattended by the teacher. There we held that the student could not recover damages from the school because the "action or activities" complained of were, as here, the failure to supervise students and "that it would be a total distortion of the language of Section 202(b)(3) to allow the supervision, or lack of supervision of school children to fall within the

scope of care, custody and control of real property."
*Id.* at 253-254, 437 A.2d at 1275 (footnote omitted).
*See, also, Close v. Voorhees,* 67 Pa. Commonwealth Ct.
205, 446 A.2d 728 (1982).

Order affirmed.

ORDER

AND Now, this 5th day of June, 1985, the order of
the Court of Common Pleas of Montgomery County
in the above-captioned matter is affirmed.