Marlene R. Acker and Wesley Theodore Acker, her husband *v.* Earl Spangler, Rockwood Area School District and Rockwood Wrestling Boosters' Association. Marlene R. Acker and Wesley Theodore Acker, her husband, Appellants.

Submitted on briefs October 8, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Joseph B. Policicchio, Ogle, Metz & Policicchio,* for appellants.

*Stephen R. Mlinac, Dickie, McCamey & Chilcote, P.C.,* for appellees.

OPINION BY JUDGE COLINS, November 12, 1985:

Marlene R. Acker and Wesley Theodore Acker (appellants) appeal from an order of the Somerset County Court of Common Pleas granting summary judgment for defendants Earl Spangler (Spangler) and Rockwood Area School District (School District). Appellants allege that they were attending a wrestling tournament at Rockwood High School, located in defendant School District. During an intermission, appellants allege Mrs. Acker was sitting on a table in a hallway of the school when defendant Spangler intentionally and willfully pulled the table out from under her, causing her to fall and suffer injuries. The lower court cited the Political Subdivision Tort Claims Act (Act), now embodied in the Judicial Code at 42 Pa. C. S. §§8501-8564,[1] as a bar to action against both defendants. Because the Act does not bar a cause of action against Spangler in his individual capacity for willful tortious conduct, the lower court must be partially reversed.

Appellants argue initially that the School District is liable under the Act exemption concerning the "care, custody, and control of real property," 42 Pa. C. S. §8542(b)(3), because the incident occurred on school grounds. The alleged negligence of the School District amounts to a negligent failure of supervision rather than a failure to correct a dangerous condition of the table itself. This does not fall within the real property exception of the Act. *Robson v. Penn Hills School District,* 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273

---

[1] The Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, 53 P.S. §§5311.101-5311.803, was repealed by the Act of October 5, 1980, P.L. 693. A similar act is now found at the cited sections of the Pennsylvania Consolidated Statutes.

(1981). *Accord, Mooney v. North Penn School District,* 90 Pa. Commonwealth Ct. 7, 493 A.2d 795 (1985); *Wimbish v. School District of Penn Hills,* 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981); *Lewis v. Hatboro-Horsham School District,* 77 Pa. Commonwealth Ct. 287, 465 A.2d 1090 (1983).

Plaintiffs argue secondly that a school district or locality can be liable for willful tortious conduct of its employees. The Act creates no such exception to the general rule of immunity. *Morris v. Musser,* 84 Pa. Commonwealth Ct. 170, 478 A.2d 937 (1984).

Plaintiffs' argument that defendant Spangler can be liable in his own capacity for his willful tortious conduct occurring outside of the scope of employment is meritorious in light of 42 Pa. C. S. §8550. *See Swartz v. Masloff,* 62 Pa. Commonwealth Ct. 522, 437 A.2d 472 (1981); *Lynch v. Johnston,* 76 Pa. Commonwealth Ct. 8, 463 A.2d 87 (1983); *Lynch v. Pierotti,* 76 Pa. Commonwealth Ct. 15, 463 A.2d 92 (1983). The trial court erred legally in granting summary judgment for Spangler based on the Act, since appellants' allegations and deposed testimony raise a genuine issue of fact as to whether Spangler acted willfully beyond the scope of his employment. This is a question to be determined by the trier of fact and cannot, as a matter of law, be resolved against plaintiffs based on the record before the Court.[2]

---

[2] The complaint clearly states a cause of action against Spangler in his individual capacity. Although Paragraph 8 of the Complaint alleges Spangler was "employed as a janitor acting as agent, servant or employee of School and Association", Paragraph 9 alleges Spangler's willful and reckless conduct and Paragraph 10 states that:

> [T]he injuries and resulting damages were the direct and proximate result of the negligent, wilful [sic], wanton, reckless, intentional and outrageous conduct of the defendants, *jointly and/or severally, generally and in the following particulars:*

The order is reversed and remanded as to defendant Spangler; affirmed as to defendant School District.

## ORDER

AND Now, this 12th day of November, 1985, the order of the Court of Common Pleas of Somerset County, No. 550 Civil Docket 1982, dated September 28, 1984, is reversed to the extent that it granted summary judgment for defendant Earl Spangler and is remanded for further proceedings consistent with this opinion. The order is otherwise affirmed.

Jurisdiction relinquished.

---

(a)  as to defendant Spangler:

(1)  In pulling the said table out from under plaintiff, Marlene R. Acker, when he knew or should have known of the presence of said plaintiff thereon;

(2)  In seeking to frighten plaintiff, Marlene R. Acker, by pulling said table out from under her;

(3)  In failing to act cautiously and prudently under the circumstances then and there existing.

Complaint at 3. (Emphasis added.) At a minimum, these pleaded facts state causes of action against Spangler sounding in intentional tort, *e.g.* intentional infliction of emotional distress, assault, and battery. These and other intentional tort causes of action should be tried because no Act immunity can be extended to Spangler's willful acts outside the scope of his employment owing to 42 Pa. C. S. §8550. The trial court's conclusion that "Spangler is entitled to the District's immunity whether his actions were negligent, wanton or intentional", Brief for Appellees at 22, is a misstatement of the law and must be reversed.