517 A.2d 1019

Anthony Faiella, a minor, by his parents and natural guardians, Linda Faiella and Eugene Faiella and Linda Faiella and Eugene B. Faiella in their own right, Appellants *v.* Edward Bartoles and The Borough of Aliquippa and Beaver County Housing Authority and Woodlawn Cemetary, Appellees.

Argued October 7, 1986, before President Judge CRUMLISH, JR., Judge DOYLE and Senior Judge KALISH, sitting as a panel of three.

*Kevin A. Norris*, with him, *Richard J. Schubert, Litman, Litman, Harris, Brown and Watzman, P.A.*, for appellants.

*Peter J. Taylor, Arthur J. Murphy, Jr. & Associates, P.C.*, for appellees.

OPINION BY JUDGE DOYLE, November 17, 1986:

This is an appeal from an order of the Court of Common Pleas of Beaver County which granted judg-

ment on the pleadings to the Borough of Aliquippa (Borough), and barred the recovery of Anthony Faiella (Appellant), a minor, who was allegedly injured on Borough property. The trial court found the Borough immune under Section 8541 of the Judicial Code (Code), 42 Pa. C. S. §8541. We affirm.

Since a motion for judgment on the pleadings is essentially in the nature of a demurrer, all well-pleaded averments of the non-moving party are deemed to be true by the moving party, even though earlier denied. *Wimbish v. School District of Penn Hills,* 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981). The Temple Hollow Woods (Woods) in Aliquippa are owned by the Borough.[1] Prior to and on June 12, 1982, this area was used by members of the public for target shooting and other recreational-type activities involving firearms, and the Borough had not attempted in any way to stop people from discharging firearms on the property, to warn users of the property that the use of firearms was allowed, or to supervise the use of firearms on the property. On the afternoon of June 12, 1982, Anthony Faiella was walking through the Woods. At the same time, defendant Edward Bartoles was target shooting in the Woods with his .44 magnum pistol. Due to the negligence of defendant Bartoles, Appellant was struck in the head by a bullet fired from Mr. Bartoles' gun and severely injured.[2]

---

[1] In a third-party complaint, the Borough averred that the property upon which Appellant was injured was owned by the Beaver County Housing Authority. Since the Borough has moved for judgment on the pleadings in this case, the Borough's denial of its ownership of the property upon which Appellant was injured is deemed to be false and Appellant's allegations that the Borough owned the property deemed to be true for the purposes of the motion. *Powell v. Wrightstown Township,* 76 Pa. Commonwealth Ct. 521, 464 A.2d 651 (1983).

[2] The bullet wound caused the Appellant to permanently lose the vision in his left eye.

Appellant filed suit alleging that the Borough was negligent in, *inter alia,* failing to prohibit people from discharging firearms on the property, failing to warn Appellant the the use of firearms was permitted on the property, or failing to supervise properly the use of firearms on the property. The Borough moved for judgment on the pleadings, and the trial court granted the motion on the basis that Appellant failed to show that his cause of action comes within the "real property" exception to governmental immunity.[3]

Section 8541 of the Code[4] provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." The Borough clearly is a local agency entitled to immunity. This immunity may be overcome, however, if Appellant shows that he possesses a common law cause of action against the Borough as required by Section 8542(a) of the Code[5] and that his cause of action falls within one of the eight enumerated exceptions to immunity contained in Section 8542(b) of the Code.[6]

Appellant asserts that his cause of action falls within the "real property" exception to the Code. This exception reads as follows:

(b) *Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

---

[3] Section 8542(b)(3) of the Code, 42 Pa. C. S. §8542(b)(3).

[4] 42 Pa. C. S. §8541.

[5] 42 Pa. C. S. §8542(a).

[6] 42 Pa. C. S. §8542(b).

(3) *Real Property.*—The care, custody or control of real property in the possession of the local agency. . . .

42 Pa. C. S. §8542(b)(3). Appellant asserts that the "real property" exception to governmental immunity applies here because Anthony Faiella's injuries were the direct result of the Borough's negligent failure to abate, warn of, or supervise the discharge of firearms on public property, and that the Borough's failure to control the use of firearms in the Woods constituted a dangerous condition on the Borough's property, making it actionable under the "real property." We do not agree.

The gravamen of Appellant's allegations is that the Borough failed to supervise properly the known dangerous activities of third parties on Borough property. We have specifically held that the failure to supervise the activities of third parties is not the type of negligence which is actionable under the real exception to governmental immunity. *Fizzano v. Borough of Ridley Park,* 94 Pa. Commonwealth Ct. 179, 503 A.2d 57 (1986) (failure to supervise hockey game of third parties on frozen borough lake); *Robson v. Penn Hills School District,* 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981) (failure to supervise student in classroom when teacher was out of room and pencil was thrown in student's eye). In order to fall within the real property exception of governmental immunity, the Appellant must show that his injury was caused by a defect in the real estate itself. *Mooney v. North Penn School District,* 90 Pa. Commonwealth Ct. 7, 493 A.2d 795 (1985).

Appellant contends that this case is factually similar to and controlled by *Stevens v. Pittsburgh,* 129 Pa. Superior Ct. 5, 194 A. 563 (1937), *aff'd on the opinion below,* 329 Pa. 496, 198 A. 655 (1938). We agree that factually this case and the *Stevens* case are similar. In *Stevens,* plaintiff's decedent was shot while standing on

his lawn adjacent to a city park. The Superior Court in *Stevens* held that the City, having allowed a rifle range to operate in one area of the park and having received notice on numerous occasions of the unauthorized discharge of firearms in other areas of the park, had a duty to abate or supervise the dangerous condition caused by the use of firearms in the park. The Borough in the case before us now, although not permitting a rifle range to operate in the Woods, did fail to abate, warn of, or supervise the use of firearms on the property.[7] We do not believe, however, that the instant case is controlled by *Stevens*.

It must be remembered that *Stevens* was decided in 1938, 42 years before the present statutory governmental immunity law.[8] In *Stevens*, the City of Pittsburgh was held liable because the ownership and operation of a public park was deemed to be a proprietary function of the City. *Stevens*, 129 Pa. Superior Ct. at 16, 18-20, 194 A. at 567, 568-69. The current statutory exceptions[9] to governmental immunity, however, reject the

---

[7] It is not discernible from the pleadings what the status of Appellant was on the Borough's property. It appears that the Woods were an unoccupied piece of Borough property. This would make the Appellant a trespasser and the Borough would, therefore, be immune from liability. *Hayes v. Philadelphia Electric Co.*, 92 Pa. Commonwealth Ct. 205, 498 A.2d 1019 (1985); 42 Pa. C. S. §8542(b)(3). Since the Borough has not raised this issue and because in considering an appeal from a grant of judgment on the pleadings, we must accept all reasonable inferences that can be drawn from the pleadings, *Bednarowicz v. Vetrone*, 400 Pa. 385, 162 A.2d 687 (1960), we have considered Appellant to be a public invitee on the Borough property for the purposes of this appeal. *See Atkins v. Urban Redevelopment Authority of Pittsburgh*, 489 Pa. 344, 351 n. 2, 414 A.2d 100, 103 n. 2 (1980); Restatement (Second) of Torts §332(2) (1965).

[8] Subchapter C of Chapter 85 of the Code, 42 Pa. C. S. §8541-64.

[9] 42 Pa. C. S. §8542(b).

common law distinctions between proprietary and governmental activities. *Davies v. Barnes*, 94 Pa. Commonwealth Ct. 145, 503 A.2d 93 (1986). Under the present statutory scheme, if a plaintiff's cause of action does not fall within one of the categories enumerated in Section 8542(b) of the Code, the governmental body may not be held liable for damages. Appellant's cause of action in this case does not fall within any of the exceptions to governmental immunity enumerated in Section 8542(b) and is thus barred.

The order of the Court of Common Pleas of Beaver County is therefore affirmed.

### ORDER

Now, November 17, 1986, the Order of the Court of Common Pleas of Beaver County, in the above-captioned matter, No. 910 of 1983, dated September 4, 1985, is hereby affirmed.