## Scott v. Willis

*John Wendall Beavers*, for plaintiffs.
*William J. Faust III*, for defendant Gregory Willis.
*Kenneth Smuckler*, for defendant city of Philadelphia.
*Martin Horowitz*, for additional defendants.

LEHRER, *J.*, March 18, 1987 — Before the court are the preliminary objections of defendants, school district of Philadelphia, Constance E. Clayton, Rita Spellman, Anthony Bellows and Gene W. Waiters. For the reasons·stated herein, said preliminary objections are sustained and plaintiffs' complaint is dismissed as to these defendants.

The facts as alleged in plaintiffs' complaint are as follows: Two minor childen were sexually assaulted by a school teacher of defendant, school district. The teacher pleaded guilty and was sentenced to six to 12 years in jail. The complaint alleges that the assaults took place inside the school teacher's office which had a glass paneled door to which the teacher had placed posters which blocked vision and made the office secretive for the assault and possible to commit the crime.

In addition to the school district, defendants are the superintendent of schools, two principals and an

178

investigator employed by the school district as well as the mayor of Philadelphia.

The cause of action against the school district rests on the exclusion from immunity relating to the care, custody or control of real property. 42 Pa. C.S. §8542(b)(3). The theory of liability against the individual defendants is gross negligence in hiring and supervision that amounts to wantonness. A further cause of action against the school district is under the Civil Rights Act 42 U.S.C. 1981 et seq. and a vague averment under the 14th Amendment (which we take to mean the deprivation of due process by a state agency).

Assuming the averments in the complaint to be well pleaded, the facts fail to set forth a cause of action against the moving defendants.

Plaintiffs allege that defendants were negligent in allowing Gregory Willis to place posters on the windows of his office thereby creating a dangerous condition of real property.

Although we find plaintiffs' theory creative, it is a tortured interpretation of the Immunity Act not contemplated by the legislature.

Commonwealth Court recently considered the Immunity Act in an analogous case. In *Acker v. Spangler*, 92 Pa. Commw. 616, 500 A.2d 206 (1985), plaintiffs sought damages for injuries suffered when a school employee pulled out a table from underneath the student who was sitting thereon. The court held that the negligence of the school district in failing to supervise the school employee was not failure to correct a dangerous condition of the table itself, and did not fall within the real property exception of the Political Subdivision Tort Claims Act.

Similarly, in the case sub judice, defendants' negligence in the hiring and supervision of Gregory

Willis does not fall within the scope of care, custody and control of real property. See also, *Menoy v. School District of Philadelphia,* 23 D.&C.3d 473 (1982).

The claim against the individual defendants is also unsupportable at law. Municipal employees are only immune from action under the Immunity Act for negligent conduct; willful misconduct is specifically excluded. 42 Pa.C.S. §8550; *Borenstein · v. City of Philadelphia,* 595 F. Supp. 853 (D.C. Pa., 1984). Plaintiffs' allegations, however, of "gross and culpable negligence" and "wanton and reckless behavior" are not the legal equivalent of an allegation of willful and intentional misconduct.

We would be inclined to allow plaintiffs to amend to plead willful and intentional misconduct, but on the basis of the record and the pleadings, we feel certain that he cannot.

The claims under 42 U.S.C. §§1981 and 1983 must similarly fail. A claim under section 1981 must allege racial discrimination on the part of the defendants. *Bell v. Brennan,* 570 F. Supp. 1116 (D.C. Pa., 1983). Such is not the case here. Furthermore, to sustain a claim against a municipality under 42 U.S.C. §1983, a plaintiff must allege a policy or custom of the municipality which leads to the alleged depreviation. See *Rizzo v. Goode,* 423 U.S. 362 (1976). No such policy or custom has been alleged by plaintiffs. Lastly, for municipal officials to be held responsible under section 1983, the complaint must allege specific facts to establish direct involvement in the alleged wrongdoing on the part of each defendant. Since the complaint fails in these respects, it must be dismissed.

An appropriate order will issue.

## ORDER

And now, this March 18, 1987, it is hereby ordered and decreed that the preliminary objections of defendants, school district of Philadelphia, Constance E. Clayton, Rita Spellman, Anthony Bellows and Gene W. Waiters, are sustained.