BROMINSKI, J.,
This matter comes before the court upon motion for summary judgment of defendant, West Side Skate Club Inc. For the reasons stated herein, defendant’s motion is denied.
The present action was initiated on October 7, 1988, when plaintiff filed a complaint against defendant alleging that on February 1, 1987, while plaintiff and her son were roller-skating at the premises owned by defendant, plaintiff suffered a fall resulting in personal injuries, which injuries were caused by the carelessness, recklessness and negligence of defendant. As a result of the injuries allegedly sustained, plaintiff is seeking monetary relief from defendant.
Selected facts in this case appear not to be in dispute. During the evening of February 1, 1987, plaintiff was a business visitor at defendant’s skating rink and was further engaged in skating around defendant’s rink. At one point in the course of this same evening, plaintiff was skating with her young son during a “couples only” event, when plaintiff suffered a fall and was resultantly injured. It is at *135 this juncture in the presentment of the facts surrounding the events which occurred on the evening of February 1, 1987, that the respective parties in this matter cannot seem to agree. On the one hand, plaintiff asserts that during the “couples only” event in which she was skating with her young son, she was physically attacked from behind by two rowdy male skaters, the attack causing her to fall and suffer injuries to her person. On the other hand, defendant denies plaintiff’s claims and contends that plaintiff’s fall and subsequent injuries came not as a result of being attacked, but rather from the general or typical risks commonly associated with skating — bumping and jostling.
After the pleadings were closed, defendant filed a motion for summary judgment on January 17, 1990. In support of its motion, defendant stated that plaintiff had failed to demonstrate any issue as to any material fact which would evidence liability on the part of defendant, and further, that defendant had no duty to protect plaintiff from the typical or general risks associated with skating, including falling down on one’s own, or being bumped by other skaters.
The court notes that a motion for summary judgment may properly be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); Washington Federal Savings & Loan v. Stein, 357 Pa. Super. 286, 515 A.2d 980 (1986).
A summary judgment may be entered only in cases where it is apparent that the right is free and clear of doubt. Consumer Party of Pennsylvania v. Commonwealth, 510 Pa. 158, 507 A.2d 323 (1986). In- *136 granting a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party and resolve all doubt against the moving party. Mariscotti v. Tinari, 335 Pa. Super. 599, 485 A.2d 56 (1984). The court further notes that, depending upon the fact situations as presented by the parties in the present matter, each party in the case now pending is apparently able to support its respective contentions with witness documentation, affidavits and proposed legal theory with related case law.
Plaintiff has related to us that the two male skaters who struck her from behind evidenced earlier rowdy and rough conduct in the skating area, and that such earlier rowdy and rough conduct should have alerted defendant, its agents, servants and/or employees to the fact that injury to other skaters was likely. Plaintiff would further opine that defendant had a duty to take proper and adequate precautions for the safety and security of plaintiff, who was a business visitor, against the conduct of third parties whose actions plaintiff contends should have been foreseen by defendant’s employees. Plaintiff has also attempted to convince us that it is arguable whether or not such an injury as sustained by plaintiff in the manner claimed by plaintiff could be considered a normal incidence of skating.
On the other hand, defendant argues that the manner of injury as it occurred to plaintiff (either tripping over her son who was skating at the time, or being bumped by other skaters in the area) should be considered a normal incident of roller-skating. Defendant relies upon Berman v. Radnor Rolls Inc., 374 Pa. Super. 118, 542 A.2d 525 (1988).[1] In support *137 of its position that the owner of a roller-skating rink has no duty to protect roller skaters against the general and typical risks associated with rollerskating, including falling down on one’s own or being bumped by other skaters. In defendant’s brief in support of the motion for summary judgment, defendant points out that in Berman, supra, the court affirmatively stated that the initial loss of balance on the part of an injured skater, upon being bumped or jostled by another skater, was “a common enough occurrence on the skating rink, and is a risk any skater may be said to be aware of when taking the floor.” Id. at 141, 542 A.2d at 536.[2]
Guided by the previously cited principles regarding the propriety of granting a motion for summary judgment, and having considered the contradictory averments and inferences submitted by the plaintiff and defendant in their respective pleadings, docu *138 ments and affidavits, we must conclude that there are general issues of material fact existing between the parties.
Accordingly, we enter the following
ORDER
It is hereby ordered, adjudged and decreed that the motion for summary judgment of defendant, West Side Skate Club Inc., is denied.

. Although Berman, supra, is a personal injury case involving a roller-skating accident, it presents a factual scenario markedly different from the matter sub judice. More *137 over, our review of Berman leads us to conclude that summary judgment is inappropriate.

. Defendant has alerted the court to footnote 2 at page 139, 542 A.2d at 535 of Berman, supra, which states in part:
“Whether there is sufficient evidence to enable a jury reasonably to conclude that the risk that produced the injury was a normal incident of skating ... is a question of law . . . [for the court].” (Words in brackets added by defendant.)
In oral argument plaintiff made reference to this same footnote in Berman, supra, but placed emphasis on the inference appearing two paragraphs later. The court continued by noting:
“But it is equally likely that there would be a case where the evidence was such that a jury could equally reasonably conclude that the risk that produced the injury either was a normal incident or was not. In such a case, where the facts are not similar enough to those present in any decided case so as to make the resolution clear as a matter of law, the issue is for the jury pursuant to an adequate charge on the legal standard that will guide its decision.”
It is certainly arguable whether or not the present case falls within the former or latter standard.