## James v. Frick Community Health Center

*Alex E. Echard* and *Marvin D. Snyder Jr.,* for plaintiffs.

*Kathleen Smith-Delach,* for defendant Selahattin Bursali, M.D.

AMBROSE, *J.,* May, 15, 1991—This case comes before the court on the motion for summary judgment of defendant, Selahattin Bursali, M.D. The facts relevant to the instant motion for summary judgment are as follows.

On October 9, 1989, plaintiff Smith H. James was admitted to Henry Clay Frick Memorial Hospital for emergency treatment. After being initially examined by the emergency room physician, plaintiff patient was examined by Dr. Bursali, among others, and it was determined that an endotracheal tube should be inserted.

During the insertion of the endotracheal tube, a process supervised by Dr. Bursali, some resistance in plaintiff patient's throat occurred as his dental

plate was forced down into his throat. Thereafter, plaintiff patient began experiencing severe bleeding. Critical to the instant motion is that fact that Dr. Bursali informed the patient's wife, Betty James, and the patient's daughter, Joni Piccioni, that the bleeding plaintiff patient was experiencing was the result of alcoholism and that the bleeding could not be stopped.

On October 12, 1989, following X-ray, Dr. Bursali discovered and removed the dental plate that had been lodged in plaintiff patient's throat. Thereafter, on or about February 14, 1990, Dr. Bursali advised plaintiffs that the cause of the bleeding was instead a laceration of the tongue.

Dr. Bursali seeks summary judgment with regard to two identical causes of action alleged by plaintiff wife and plaintiff daughter sounding in negligent infliction of emotional distress. The theory behind Dr. Bursali's motion for summary judgment is that plaintiff wife and plaintiff daughter were not his patients and, therefore, were not within the "zone of danger" of his medical treatment of plaintiff patient. Dr. Bursali argues that plaintiff wife and plaintiff daughter cannot now be heard to claim damages allegedly resulting from Dr. Bursali's treatment of plaintiff patient, but instead, that he owed a duty only to his patient.

An entry of summary judgment may be granted only in cases where the right is clear and free from doubt, if there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986). In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the non-moving party and resolve all

doubt against the moving party. *Mariscotti v. Tinari,* 335 Pa. Super. 599, 485 A.2d 56 (1984).

Plaintiff wife's and plaintiff daughter's claims against Dr. Bursali, based on the negligent infliction of emotional distress, which are now the subject of summary judgment, are identical and read as follows:

"(50)[1] By reason of the negligence of all the defendants as hereinabove alleged, plaintiff wife [plaintiff daughter] suffered extreme shock, mental pain, distress and anguish.

"(51)[2] By reason of the actions of the defendants, plaintiff wife [plaintiff daughter] was ill, irritable and nervous having lost her appetite and ability to sleep.

"(52)[3] Plaintiff wife [plaintiff daughter], at all times relevant, was frightened by defendant's diagnosis and prognosis.

"(53)[4] Defendant's actions advising plaintiff wife [plaintiff daughter] were intentionally misleading, outrageous, grossly negligent and in total disregard of the plaintiff wife's [plaintiff daughter's] health and mental well-being.

"(54)[5] As a sole and proximate cause of the negligence of all defendants, plaintiff wife [plaintiff daughter] has suffered the following injuries and damages, all of which may occur in the future:

"(A) Pain and suffering;

"(B) Shock, mental anguish and distress;

"(C) Sums of money expended for past and future medical treatment;

---

1.  Corresponding to para. 57 of daughter's complaint.
2.  Corresponding to para. 58 of daughter's complaint.
3.  Corresponding to para. 59 of daughter's complaint.
4.  Corresponding to para. 60 of daughter's complaint.
5.  Corresponding to para. 61 of daughter's complaint.

"(D) The expense and costs in pursuing the cause of action including reasonable attorney's fees." Plaintiffs' complaint, paragraphs 51-4.

Applying this standard for summary judgment, this court must determine if Dr. Bursali is entitled to a judgment as a matter of law based on an examination of the record in the light most favorable to plaintiffs. In so determining, this court will resolve all doubt against Dr. Bursali. See *Mariscotti v. Tinari*, 335 Pa. Super. 599, 485 A.2d 56 (1984).

This court denies summary judgment to the extent that plaintiff wife and plaintiff daughter base their claims of negligent infliction of emotional distress upon Dr. Bursali's independent conduct of commenting to them about the cause of and prognosis for plaintiff patient's injuries. It appears to this court that plaintiff wife and plaintiff daughter are basing their claims of negligent infliction of emotional distress not upon the treatment given by Dr. Bursali to plaintiff patient, but instead upon Dr. Bursali's independent conduct of advising plaintiff wife and plaintiff daughter as to the cause and treatability of plaintiff patient's injuries.

This court disagrees with Dr. Bursali's reasoning that he owed *no duty* to plaintiff wife and plaintiff daughter. To the contrary, Dr. Bursali (like all individuals living in our society) owed to these plaintiffs a duty to use reasonable care when communicating the cause and prognosis of plaintiff patient's medical condition.[6] Therefore, for the rea-

---

6. By denying Dr. Bursali's motion for summary judgment, this court does not mean to infer that a finding has been made that Dr. Bursali failed to exercise reasonable care when discussing plaintiff patient's condition with family members. To the contrary, this court merely finds that, as a matter of law, the issue of Dr. Bursali's potential liability to plaintiff wife and plaintiff daughter is not appropriate for resolution by means of summary judgment.

sons herein set forth, defendant Dr. Selahattin Bursali's motion for summary judgment is denied.

## ORDER OF COURT

And now, May 15, 1991, after careful consideration of the motion for summary judgment filed by defendant Selahattin Bursali, M.D., and for the reasons set forth in the opinion accompanying this order, it is hereby ordered that said motion for summary judgment is denied.