## Aber v. Neubold

*Henry W. Mitchell,* for plaintiff.
*John Person,* for defendant Ron Insinger.

SAXTON, *J.,* May 5, 1992—

### BACKGROUND

Thomas G. Aber was refereeing a basketball game on February 8, 1991, at Bald Eagle Nittany High School, Mill Hall, Pennsylvania. Greg Neubold was supposed to have physically attacked Aber following a close game. Ron Insinger was the coach of Loyalsock High School, one of the teams involved in the contest. Greg Neubold was one of his players.

The position of Aber is that Insinger failed to control and incited his team, which, in turn, spawned the actions of Greg Neubold and caused the injuries to the plaintiff. He claims Insinger should have supervised his team— and Greg Neubold—to an extent that the attack could not have occurred.

Insinger objects on the grounds of governmental immunity; that the complaint is not clear and concise; and, lastly, that punitive damages are not warranted.

The court agrees that Insinger is entitled to governmental immunity. Accordingly, the second and third contentions need not be addressed.

## DISCUSSION

Under the Government Immunity Act, 42 Pa.C.S. §8541 and §8545, employees of local agencies are liable for acts done within the scope of their duties only to the same extent as the employing local agency. The court concludes that Insinger was acting within the scope of his duties. That is to say, Insinger, the basketball coach employed by the school district, was, in fact, performing a function for which he was hired—namely, coaching. Whether his "coaching" transcended professional norms, to no longer merit legislative protection, has not been pled. Until it has been factually set forth, the court must resolve this matter on the present record. Aber's complaint sounds only of simple negligence. There is no averment of willful or intentional misconduct. Until there are such averments triggering the exceptions of the Government Immunity Act, supra, Aber has no case vis-a-vis Insinger.

Aber argued (I believe in response to a question by the court at oral argument) that the matter rests on the duty owed by Insinger to Aber. That may well be, however, since the Government Immunity Act precludes claims of this nature based on simple negligence, the question of duty is irrelevant at this point.

The court has reviewed the case of *Acker v. Spangler,* 92 Pa. Commw. 616, 500 A.2d 206 (1985). The facts of that case are different. The *Acker* complaint alleged and pled willful misconduct. Accordingly, that case does not persuade this court to find differently.

It is the opinion of this court that Aber's complaint fails to state a cause of action upon which relief can

be granted against Insinger. However, the court will permit Aber a reasonable period of time within which to amend the complaint if he sees fit.

## ORDER

And now, May 5, 1992, for reasons stated in the opinion above, it is hereby ordered that defendant Ron Insinger's preliminary objections be sustained and plaintiff's complaint against defendant Ron Insinger is dismissed in the event that plaintiff fails to file an amended complaint within 15 days from today's date.