## Hardy v. Big Beaver Falls School District

*Joseph E. Hardy,* pro se.
*Nancy Winschel,* for defendant.

KWIDIS, *J.,* October 15, 2009—Before this court are the defendant, Big Beaver Falls School District's preliminary objections as to the legal sufficiency of the complaint filed by Joseph E. Hardy, pro se. The defendants' preliminary objections are granted as the plaintiff's complaint is legally insufficient pursuant to Pa.R.C.P. 1028(a)(4).

On April 7, 2009, the plaintiff filed a complaint alleging injuries arising from his attendance on October 6, 2006 at an intramural volleyball game at the defendant's gymnasium. Specifically, the plaintiff alleges several

theories of liability, including, but not limited to: (1) negligent care and concern in allowing him to be struck by an "errant" volleyball during the game; (2) failure to protect him from risk of harm of being struck by volleyball; (3) recklessly, negligently, purposefully, and maliciously refusing to reduce the volume of the sound system; (4) conspiring to imprison and maliciously imprisoning him in the gymnasium; (5) assault upon his person by Superintendant Nugent; (6) accomplice to battery perpetrated upon him; (7) conspiracy to bully, threaten, strike, hold and push him; and (8) conspiracy to deny plaintiff "his civil rights as to age discrimination, disabilities statutes; public access, safety considerations, decibel levels and facilities access."

On May 11, 2009, the defendant filed preliminary objections to the plaintiff's complaint, arguing that it is legally insufficient. Specifically, the defendant alleges that the plaintiff's claims are barred by the Political Subdivision Tort Claims Act at 42 Pa.C.S. §8541 et seq., specifically section 8545.

The Pennsylvania Rules of Civil Procedure provide that any party may file preliminary objections to a complaint for legal insufficiency, commonly referred to as a demurrer. Pa.R.C.P. 1028(a)(4). The question presented by demurrer is whether on the facts averred, the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970). "A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. . . . 'Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint

may be considered to dispose of the legal issues presented by the demurrer.' . . . All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." *Hess v. Fox Rothschild LLP,* 925 A.2d 798, 805 (Pa. Super. 2007). (citations omitted)

Under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." In order for liability to be imposed on a local agency, 42 Pa.C.S. §8542(a) sets forth three conditions that must be met: First, the damages must be recoverable under common law or a statute creating a cause of action if the injury was caused by a person not having available a defense under 42 Pa.C.S. §8541. Second, the injury must have been caused by the negligent acts of the local agency or an employee of the local agency acting within the scope of his or her office or duties. Finally, the negligent action must fall within one of the exceptions to governmental immunity set forth in 42 Pa.C.S. §8542(b). *Lindstrom v. City of Corry,* 563 Pa. 579, 584, 763 A.2d 394, 397 (2000).

Exceptions to governmental immunity include: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks, and (8) care, custody or control of animals. 42 Pa.C.S. §8542(b).

In the instant case, the plaintiff alleges negligent and willful misconduct against the defendant in negligently

allowing him to be struck by a volleyball; negligently rendering aid after he was struck with said volleyball; and willfully and maliciously failing to reduce the volume on the gymnasium's sound system. However, the plaintiff fails to meet his burden of showing that a common-law or statutory cause of action for negligence is even present. Therefore, it is unnecessary to analyze whether an exception to governmental immunity exists.

Further, pursuant to 42 Pa.C.S. §8550, a local agency cannot be liable for an injury caused by the criminal, fraudulent, malicious or willful/intentional misconduct of the employee. See *Acker v. Spangler,* 92 Pa. Commw. 616, 500 A.2d 206 (1985).

In the instant matter, the plaintiff alleges that Superintendent Nugent intentionally assaulted, battered, falsely imprisoned and maliciously conspired to harm him. However, under 42 Pa.C.S. §8550, the defendant cannot be liable for the intentional/willful misconduct of its employees.

This court enters the following order.

## ORDER

And now, October 15, 2009, after argument and consideration of the defendants' preliminary objections in the above-captioned case, it is hereby ordered and directed as follows:

The defendants' preliminary objections are granted, and the plaintiff's complaint is dismissed.